UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY LYNN HARVEY and ) | |
| STATE OF TENNESSEE on ) | |
| relation of Gary Lynn Harvey, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:04-CV-192 |
| ) | (Jordan/Shirley) |
| JAMES MICHAEL EVANS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT & RECOMMENDATION**

This matter came before the undersigned for a hearing on May 5, 2005. During the course of that proceeding, Plaintiff advised the Court that there are criminal charges pending against him which stem from the events which gave rise to this civil action, and he argued that, in order to protect his constitutional right not to incriminate himself, his deposition should not be taken until after the trial on these criminal charges had concluded. Counsel for all parties agreed that a stay of the entire civil proceeding would be appropriate in light of the pending criminal action.

The undersigned agrees with the parties that a stay of this civil action would be appropriate. Clearly, Plaintiff's constitutional right against self-incrimination would be implicated if discovery were to proceed in this case. The Sixth Circuit has recognized that a stay of civil proceedings may be appropriate when criminal charges are pending. See United States v. U.S. Currency, 626 F.2d 11, 15-17 (6th Cir. 1980) (vacating dismissal of forfeiture action and remanding

for further proceedings, including consideration of stay, noting "courts must seek to accommodate both the constitutional right against self-incrimination as well as the legislative intent behind the forfeiture provision"); Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 840 (W.D. Tenn. 1999) (recognizing that stay of civil action is appropriate during pendency of criminal action, but denying request to stay where no criminal charges were pending); see also United States v. Mellon Bank, N.A., 545 F.2d 869, 872-73 (3d Cir. 1976) ("It was clearly within the power of the district court to balance 'competing interests' and decide that judicial economy would best be served by a stay of civil proceedings.").

Upon consideration of the arguments of counsel and the pleadings filed in this case, the undersigned is of the opinion that the interests of the parties, as well as the interest of judicial economy, would be well served by a stay of the present civil action while the criminal charges against Plaintiff are pending. However, because the criminal charges have not yet been set for trial, and the undersigned does not believe that this case should be stayed indefinitely, it is **RECOMMENDED**[1] that this civil action, including all discovery (unless such discovery is otherwise agreed to by all counsel), be stayed for a period of six (6) months or until such time as the

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

criminal trial has concluded, whichever is earlier. It is further **RECOMMENDED** that at the expiration of six months, if the criminal trial has not concluded, the parties may petition the Court to renew the stay upon a showing of good cause.

**ENTER:**

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge